IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINA EVANS, et al.,   )<br>                             )<br>            Plaintiffs,   )<br>                             )<br>   vs.                      )<br>                             )<br>CITY OF CHICAGO, et al.,   )<br>                             )<br>            Defendants.   )  | Case No. 21 C 4135 |

### ORDER DENYING MOTION TO DISMISS

Regina Evans and Steven Winters, for themselves and their two minor children, along with Evans's father Jessie Evans, have sued the City of Chicago and a number of Chicago police officers under 42 U.S.C. § 1983 and Illinois law.  The plaintiffs' claims arise from police officers' entry into their home on the night of August 7, 2019 and the officers' actions after entering the home.  Two of the individual defendants and the City moved to dismiss the plaintiffs' amended complaint for failure to state a claim.  The plaintiffs later voluntarily dismissed their claims against the two individual defendants, rendering moot those defendants' motion to dismiss.  The Court addresses the City of Chicago's motion to dismiss in this order.

In a nutshell, the plaintiffs allege as follows.  Around 9:40 p.m. on August 7, 2019, a large number of officers entered their third-floor apartment on the west side of Chicago.  The officers did not have a warrant.  The plaintiffs allege that they lacked probable cause or any other legal basis to enter the home (they were purportedly following up on a report of a man with a gun, but the plaintiffs allege they had no basis to believe the man was in their apartment).  The officers entered the home by force—

kicking the door in—while yelling at the occupants, including repeated obscenities. They proceeded, the plaintiffs allege, to move throughout the apartment in an aggressive and threatening manner, yelling and pointing flashlights and guns at the occupants, including two of the minor plaintiffs, who had been in bed sleeping when they were awakened by the commotion and saw the officers pointing guns at them. Certain officers threw Winters onto the floor face first and then put a knee in his back and a gun to his head. The officers found nothing and eventually left. The plaintiffs, in particular the minor children, allege that they suffer ongoing psychological trauma as a result of these events.

      The plaintiffs assert claims against the individual officers for unlawful entry and search, excessive force, and unlawful seizure under section 1983, as well as claims under state law. Two of the minor plaintiffs (through their parents) assert in count 1 a claim of excessive force against the City. These two plaintiffs, who were four and nine years old at the time, allege that certain officers deliberately pointed firearms at them without justification while they were in bed and posed no conceivable threat, and that this constituted unconstitutionally excessive force. The plaintiffs also contend that a policy or custom of the City caused the constitutional violation. This is the claim the City has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

      The defendants rely on a number of body camera videos from officers present at the scene to argue that the plaintiffs cannot establish a constitutional violation. Though there may be cases in which video recordings of an incident undermine a claim sufficiently to require its dismissal for failure to state a claim under Rule 12(b)(6), this is

not such a case. For reasons persuasively pointed out by the plaintiffs in their response to the motion, this is a case in which the videos tell the whole story—or, at least, the Court cannot say without factual development that they do. *See generally Felton v. City of Chicago*, 827 F.3d 632, 637 (7th Cir. 2016) ("[V]ideo may not tell the whole story and reasonable people can sometimes draw different conclusions from the same video."). Among other things, context and the surrounding circumstances may matter when considering an excessive force claim, *see, e.g., Lombardo v. City of St. Louis*, 141 S. Ct. 2239, 2242 (2021) (referencing "the careful, context-specific analysis required by [the Supreme] Court's excessive force precedent"), and the Court cannot determine at this juncture that the videos provide the context needed to assess definitively whether the officers' actions were objectively unreasonable. More generally, the defendants' motion essentially calls upon the Court to draw inferences (from the complaint's allegations and the videos) in the defendants' favor, which is exactly the opposite of the standard that a court is required to apply in considering a motion to dismiss under Rule 12(b)(6).

In addition, the plaintiffs' allegations regarding a policy or custom of the City are sufficient to state a claim for municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). The plaintiffs base their *Monell* claim on several theories—the existence of a widespread practice of excessive force against children; gaps in official policy that they contend sufficient to constitute an actionable policy under *Monell*; and failure to train—but at this point they need not sustain every theory; one will do. The Court finds that the plaintiffs have sufficiently alleged that there has been a widespread practice of excessive force by Chicago police

3

officers against children that was known or made known to City policymakers who were deliberately indifferent to it, and that this policy proximately caused the minor plaintiffs' injuries alleged in this case. Frankly, the sufficiency of the plaintiffs' *Monell* allegations (in this and other respects) is not a close question. The City's argument effectively assumes that the plaintiffs have to prove their case in their complaint, which of course is not the standard. In any event, the *Monell* claim in this case is pleaded with far more detail than required under post-2007 federal notice pleading standards.

### Conclusion

For the reasons stated above, the Court denies the City's motion to dismiss [41] and denies as moot certain individual defendant's motion to dismiss [35]. The City is directed to answer the amended complaint by no later than March 22, 2022. The telephonic status hearing set for February 22, 2022 is vacated and reset to March 21, 2022 at 9:10 a.m., using call-in number 888-684-8852, access code 746-1053. A joint status report detailing the progress of discovery and including any other matters that any party wishes to bring to the Court's attention is to be filed on March 14, 2022.

Date: February 20, 2022

_____
MATTHEW F. KENNELLY
United States District Judge